JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
JOHN M. ORR
Nevada Bar No. 14251
GREENBERG GROSS LLP
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
*JDunn@GGTrialLaw.com*
*MHale@GGTrialLaw.com*
*JOrr@GGTrialLaw.com*

*Attorneys for Plaintiff*
*Joe Diaz*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOE DIAZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALL 5'S CONSTRUCTION LLC, a Nevada limited liability company; THE PENTA BUILDING GROUP, LLC, a Nevada limited liability company,<br><br>Defendants. | Case No.: 2:26-cv-00357-MMD-EJY<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**[FIRST REQUEST]** |

Plaintiff Joe Diaz ("Plaintiff"), by and through his counsel of record, Greenberg Gross LLP, and Defendants All 5's Construction LLC and The Penta Building Group, LLC ("Defendants"), by and through their counsel of record, O'Hagan Meyer PLLC, hereby stipulate and agree to extend the deadlines set forth in the operative Scheduling Order by ninety (90) days. This is the parties' first request for an extension of these deadlines.

///

///

///

**A. Discovery Completed to Date**

The parties have completed the following discovery to date:

- May 7, 2026: The parties conducted their Fed. R. Civ. P. 26(f) conference.
- May 21, 2026: The parties exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).
- May 21, 2026: The Court entered the operative Scheduling Order.
- May 27, 2026: Plaintiff served Defendants with his first set of interrogatories and requests for production of documents.
- July 30, 2026: The parties completed the deposition of Loay Hanthel.
- The parties have met and conferred regarding discovery and are working cooperatively to complete written discovery, document production, third-party discovery, and depositions.
- The parties have also addressed scheduling issues related to the Early Neutral Evaluation, which the Court continued from August 31, 2026 to November 9, 2026.

**B. Discovery Which Still Needs to Occur**

The parties still have substantial discovery to complete. The remaining discovery includes the following:

- Deposition of Plaintiff Joe Diaz, currently schedule for October 14, 2026;
- Depositions of Defendants' Fed. R. Civ. P. 30(b)(6) representatives;
- Depositions of relevant fact witnesses, including current and former employees of Defendants and any other witnesses identified through discovery;
- Follow-up written discovery, additional document requests, and potential third-party subpoenas arising from the July 30, 2026 deposition of Loay Hanthel;
- Completion of written discovery responses and document production concerning Plaintiff's employment, complaints of racial discrimination and harassment, alleged retaliation, termination, damages, Defendants' policies and procedures, communications, personnel records, and electronically stored information;

- Obtaining and reviewing any outstanding third-party records, including employment-related records and records relating to Plaintiff's damages and mitigation efforts;
- Obtaining appropriate authorizations and issuing third-party subpoenas as necessary;
- Follow-up written discovery and meet-and-confer efforts arising from the parties' document productions and written discovery responses; and
- Completing expert disclosures and any expert discovery.

Because the remaining discovery includes multiple party and non-party depositions, outstanding third-party records, written discovery responses, document production, and follow-up discovery arising from the parties' initial disclosures, written discovery, and the Hanthel deposition, the parties require additional time to complete discovery.

**C. Proposed Schedule for Completing Remaining Discovery**

**Amending the Pleadings and Adding Parties:** The current July 14, 2026 deadline to amend the pleadings or add parties shall remain closed.

**Discovery Cut-Off Date:** The current October 12, 2026 discovery cut-off date shall be extended ninety (90) days to January 11, 2027, because the ninetieth day falls on Sunday, January 10, 2027.

**Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):** The current August 13, 2026 deadline for initial expert disclosures shall be extended ninety (90) days to November 11, 2026. The current September 14, 2026 deadline for rebuttal expert disclosures shall be extended ninety (90) days to December 14, 2026.

**Dispositive Motions:** The current November 11, 2026 dispositive motions deadline shall be extended to February 10, 2027, which is thirty (30) days after the extended discovery deadline.

**Pretrial Order:** If no dispositive motions are filed, the Joint Pretrial Order shall be filed by March 12, 2027. In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the decision on the dispositive motions or until further order of the Court.

**D. Statement Explaining Why Discovery Was Not Completed by the Deadlines Set Forth in the Current Scheduling Order**

Good cause supports the parties' request to extend the deadline to amend the pleadings or add parties, the discovery cut-off, expert disclosure deadlines, dispositive motions deadline, and pretrial order deadline. The parties have diligently pursued discovery by conducting their Fed. R. Civ. P. 26(f) conference, exchanging initial disclosures, meeting and conferring regarding discovery issues, and working cooperatively to complete discovery. Substantial discovery nonetheless remains to be completed as outlined above.

Additional good cause exists because this employment case involves multiple categories of relevant evidence, including Plaintiff's complaints of racial discrimination and harassment, Defendants' response to those complaints, Plaintiff's alleged protected activity, Defendants' alleged retaliatory conduct, Plaintiff's termination, Defendants' stated basis for termination, Plaintiff's claimed emotional distress and economic damages, mitigation-related evidence, Defendants' policies and procedures, personnel records, and electronically stored communications. The parties require additional time to obtain, review, and evaluate this information before completing depositions and expert disclosures.

The need for additional discovery arose during the deposition of Plaintiff's former supervisor, Loay Hanthel on July 30, 2026. During his deposition, Mr. Hanthel identified additional witnesses and categories of information requiring follow-up discovery, including personnel who worked in or around the Hard Rock jobsite trailer, such as Javier Ramirez, David Traficante, Carlos, Joe Orta, Brett Edmonds, project engineers, survey personnel, and superintendents. Mr. Hanthel also testified regarding communications with Lee Mason about complaints of offensive language, a March 19, 2025 email concerning workplace language, his alleged follow-up discussions with Joe Diaz, Joe Orta, David, Carlos, and project engineers, and his claimed communications with Brett Edmonds and John Sedosky regarding Plaintiff's alleged performance issues.

These topics create the need for additional written discovery, document requests, meet-and-confer efforts regarding electronic communications and document preservation, and potential third-

party subpoenas for witnesses and records relating to the Hard Rock project, workplace-language complaints, Defendants' investigation and response, and Defendants' asserted performance-based explanation for Plaintiff's termination. Additionally, because audio issues prevented questioning on certain recordings during Mr. Hanthel's deposition, the parties may need additional time to address those recordings and any related follow-up testimony or discovery.

Additional good cause exists because the Court continued the Early Neutral Evaluation from August 31, 2026 to November 9, 2026. The continued ENE now falls after the current discovery cut-off date. The parties agree that extending the discovery deadlines will allow them to complete discovery efficiently, evaluate settlement after the ENE, and avoid unnecessary motion practice or duplicative discovery efforts.

Additional good cause exists because, between August 11, 2026, and September 3, 2026, Plaintiff's counsel was required to travel emergently on two occasions to San Diego to be with his older brother, who had been hospitalized and admitted to the critical care unit at UCSD Hillcrest Hospital. Unfortunately, counsel's brother passed away on August 25, 2026. These circumstances contributed to delays in completing the outstanding discovery tasks described above. In the coming weeks and months, Plaintiff's counsel expects that he may need to be out of the office intermittently to attend funeral services and otherwise assist his family with matters related to the administration of his brother's estate, which may further delay completion of the remaining discovery.

The parties also agree that these circumstances constitute excusable neglect to the extent the parties did not seek an extension of any deadline at least twenty-one (21) days before the existing deadline and to the extent the deadline to amend the pleadings or add parties has lapsed.

**E. <u>Prior Extensions or Modifications</u>**

This is the parties' first request to extend the deadlines set forth in the operative Scheduling Order.

///

///

///

**F. Conclusion**

For the reasons stated above, the parties respectfully request that the Court enter an order extending the Scheduling Order deadlines as follows:

DATED: September 22, 2026

GREENBERG GROSS LLP

By: */s/ John M. Orr*
JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
JOHN M. ORR
Nevada Bar No. 14251
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135

*Attorneys for Plaintiff*
*Joe Diaz*

DATED: September 22, 2026

O'HAGAN MEYER PLLC

By: */s/ Jeff Winchester*
JEFF WINCHESTER
Nevada Bar No. 10279
300 S. 4th Street, Suite 1250
Las Vegas, Nevada 89101

*Attorneys for Defendants*
*All 5's Construction LLC and*
*The Penta Building Group, LLC*

**ORDER**

IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE

DATED: September 22, 2026